Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3937 | **DATE** | 6/7/2002 |
| **CASE TITLE** | Barbara Ross Townsend vs. Ila Rubens | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Both the action and the Complaint are dismissed with prejudice, with the Application thus being denied and the Motion thus also being denied (in the latter respect, on mootness grounds). (4-1, 5-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 1 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/7/2002 | |
| SN | courtroom deputy's initials | | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARBARA ROSS TOWNSEND,  )
                        )
            Plaintiff,  )
                        )
    v.                  )    No. 02 C 3937
                        )
ILA RUBENS,             )
                        )
            Defendant.  )

MEMORANDUM OPINION AND ORDER

Barbara Ross Townsend a/k/a Barbara Ross ("Ross") has tendered a self-prepared "42 U.S.C. §1983 Civil Rights Complaint" against Ila Rubens ("Rubens"), accompanying her Complaint with Clerk-of-Court-supplied forms of an Application To Proceed Without Prepayment of Fees ("Application") and of a Motion for Appointment of Counsel ("Motion"). But because of the obvious jurisdictional deficiency in Ross' substantive claim, this sua sponte memorandum opinion and order disposes of her action at its inception.

For any litigant to obtain in forma pauperis status, he or she must not only make an adequate showing of indigency but must also advance a non-frivolous federal claim (in the sense defined by Neitzke v. Williams, 490 U.S. 319, 325 (1989) and further refined in Denton v. Hernandez, 504 U.S. 25, 32-33 (1992))--in that respect, see Neitzke, 490 U.S. at 324. Here the Application reveals that Ross is not currently employed and it also lists no assets, so that Ross would qualify solely in financial terms for

the relief that is sought by the Application. But Ross plainly fails to clear the second hurdle.

What the Complaint reveals[1] is that Ross is the aggrieved ex-wife of Christopher Townsend, who cheated on her with Rubens (and indeed with other women as well). When Ross learned that, she brought suit seeking a dissolution of her marriage, which was granted on April 16 of this year. Now Ross seeks $100,000 in compensatory damages and another $100,000 in punitive damages against homebreaker Rubens.

But Ross' difficulty in seeking to bring that claim here is that she is obviously unaware that federal courts are courts of limited jurisdiction, authorized to consider only such cases as Congress may prescribe. And in that respect:

    1. Because Rubens is a private individual and not a "state actor," Section 1983 does not apply at all. Nor does any other federal-question basis for jurisdiction emerge from Ross' allegations.

    2. Because both Ross and Rubens are Illinois citizens, the other possible fount of federal subject matter jurisdiction--diversity of citizenship--is lacking.

Because Ross' problem in attempting to enter the federal courthouse door is thus jurisdictional, a sua sponte dismissal by

---

[1] For present purposes this Court assumes the truth of everything that Ross claims (although of course it makes no factual findings in that respect).

2

this Court is called for. As our Court of Appeals has reconfirmed in Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012 (quoting Mansfield C.& L.M.R. Co. v. Swan, 111 U.S. 379, 382).

Nothing more need be added to confirm the legal frivolousness of Ross' present federal action (although no view is expressed here, of course, as to whether she has a viable claim that can be advanced in a state court of competent jurisdiction). Hence both this action and the Complaint are dismissed with prejudice, with the Application thus being denied and the Motion thus also being denied (in the latter respect, on mootness grounds).[2]

                                                    */s/ Milton I. Shadur*
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: June 7, 2002

---

[2] Because Ross has accompanied her Complaint with an audiotape of a court exhibit, that is being returned to her with a copy of this opinion.